**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CAMERON MATHEW ROSE

Plaintiff

v.

CITY OF RENO, et. al.

Defendants

Case No.: 3:19-cv-00166-RCJ-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF Nos. 19, 20

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a request to amend his complaint 9 (ECF No. 19), as well as a "Final Amended Complaint" (ECF No. 20).

## I. BACKGROUND

Plaintiff, who is proceeding pro se, initiated this action with an application to proceed in forma pauperis (IFP) and pro se complaint on March 26, 2019. (ECF Nos. 1, 1-1.) On July 18, 2019, the undersigned issued a report and recommendation that Plaintiff's IFP application be granted; that the complaint be filed; that the unlawful seizure claims in Count 1 against Borba and Count 2 against Bohr and the doe officers (when identified) be allowed to proceed; that some claims be dismissed with prejudice; and that other claims be dismissed with leave to amend. Plaintiff was given 30 days to file an amended complaint. (ECF No. 6.)

The original complaint centered around three separate incidents—at the Cal Neva, Silver Legacy, and Eldorado casinos—where Plaintiff alleges he was improperly removed from the

properties and subsequently prosecuted for trespassing. He alleged violations of the Americans with Disabilities Act (ADA), his right to free speech under the First Amendment, unlawful seizure under the Fourth Amendment, as well as a due process claims, against the casinos, several of their employees, the City of Reno, the Reno Police Department and some of its officers.

The Title III ADA discrimination in public accommodation claims were dismissed because Plaintiff alleged he was excluded from the casinos based on his disabilities, but never alleged that he suffered from any particular disability or that he was excluded *based on* that disability. Instead, he admitted that he was excluded from the Cal Neva because he possessed a backpack with a blanket and refused to leave when asked, and from the Silver Legacy because he had excessive baggage. He was given leave to amend, but was advised that the Title III ADA claims could only proceed against the place of public accommodation and not the employees. Therefore, Cal Neva employees Stewart and Howard (Cal Neva employees), Blanco, Herrick, and Hanek (Silver Legacy/Eldorado employees) were dismissed with prejudice.

Plaintiff had alleged a First Amendment Free speech claim against Cal Neva employee Howard based on the allegation that Howard told Plaintiff to "shut his mouth," hinging his ability to stay at the property on his willingness to do so. The claim was dismissed with prejudice because neither Howard nor the Cal Neva are state actors and the First Amendment prohibits "*governmental* abridgement of speech" and not "*private* abridgement of speech."

The court construed Plaintiff's Fourth Amendment claims liberally and allowed him to proceed with the claims against Officer Borba (Cal Neva incident) and Officer Bohr and Doe Officers (once identified) (Silver Legacy incident) as he appeared to allege there was no probable cause to arrest him for trespass. The court dismissed the City of Reno/Reno Police Department

without prejudice because he did not assert factual allegations to proceed against a municipal defendant. The court dismissed any potential unlawful seizure/excessive force claim with respect to the Eldorado incident (against Blanco, Hanek, and John Does 1- 6) with leave to amend as there were no allegations they were state actors and for John Doe 1 it was not clear this defendant was implicated in these claims.

Plaintiff alleged that Officer Borba (Cal Neva) violated his right to due process when he refused Plaintiff's request to take witness statements; however, he did not allege what witness statements Borba should have taken, or how they were exculpatory. The claim was dismissed with leave to amend.

He also asserted claims against Judge Dorothy Nash Holmes, the judge presiding over his trespassing trial, and Angela Gianoli, the deputy district attorney in the trial. These claims were dismissed because the defendants are immune from suit.

Plaintiff filed an amended complaint on August 16, 2019, before the district judge had ruled on the report and recommendation. (ECF No. 9.) On October 8, 2019, District Judge Jones entered an order adopting the report and recommendation. (ECF No. 14.) On December 19, 2019, Plaintiff filed this request to amend (ECF No. 19) and proposed "Final Amended Complaint" (ECF No. 20). The court will construe this as a motion for leave to amend and proposed second amended complaint (SAC).

The court will now screen the proposed SAC under 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) to determine whether leave to amend should be granted.

## II. LEGAL STANDARD

### A. Leave to amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's original complaint has not yet been served, therefore it is not clear that he requires leave of court to amend. If leave to amend is required, it should be freely given when justice requires under Federal Rule of Civil Procedure 15(a)(2). Leave to amend need *not* be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Even if leave is not required, the court must still screen the proposed SAC under 28 U.S.C. § 1915.

Therefore, the court will screen the proposed SAC to determine whether amendment should be granted or is futile, and whether the proposed SAC states colorable claims upon which relief may be granted.

### B. Screening Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. DISCUSSION

### A. Plaintiff's SAC

#### 1. Count 1

Count 1 names the City of Reno, Reno Police Department, Reno Police Officer Barba (named in the original complaint as Officer Borba), the Cal-Neva, and Donald Stewart.

First, Plaintiff once again asserts a Title III ADA public accommodation discrimination claim based upon denial of access to facilities available to others based on his chronic homelessness and his mental health disorders.

Plaintiff's SAC suffers from the fatal flaw that it does not contain any *factual* allegations to support a claim against any particular defendant. Instead, it contains conclusory statements that various rights were violated. The court advised Plaintiff in the report and recommendation dismissing some of the original claims with leave to amend that the amended complaint *must be complete in and of itself without referring or incorporating by reference any previous complaint and any allegations, parties or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court*. Thus, the court cannot incorporate by reference the factual assertions made in a prior complaint.

Even based on the sparse allegations present in the SAC, Plaintiff fails to state a claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the … facilities …or

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim for discrimination under Title III of the ADA, a plaintiff must allege: (1) he/she has a disability, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) he/she was denied public accommodations by the defendant because of his/her disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citations omitted).

As the court previously advised Plaintiff, such a claim would only apply to the Cal Neva, and not the other defendants. Moreover, Plaintiff must include *factual allegations* that he was denied access to the public accommodation *because of* his disability. Plaintiff has alleged that his disabilities include mental disorders and chronic homelessness, but there are no facts alleged that her was denied access to the Cal Neva *because of* his mental disorders or chronic homelessness. Moreover, unlike the original complaint, he does not include any factual allegations regarding his exclusion from the Cal Neva in the SAC. He makes passing reference to the "bed roll" that was also mentioned as the reason for exclusion in the original complaint, but this does not provide an inference that he was excluded based on the asserted disabilities. Further, he alleges that in his trespass trial it was mentioned that he was acting belligerent and loud, and he equates this to discrimination on the basis of a disability. These allegations are insufficient to rise to the level of discrimination *because of* his asserted disabilities. Since Plaintiff has had two opportunities to amend to state an ADA claim, this claim should be dismissed with prejudice.

Second, Plaintiff asserts an Eighth Amendment claim for cruel and unusual punishment because Defendants allegedly criminalized his status of being chronically homeless through his exclusion from a place of public accommodation. Again, Plaintiff includes no factual allegations

in the SAC. Moreover, there is no authority to extend the Eighth Amendment to protect the conduct Plaintiff suggests is unconstitutional.

Plaintiff appears to rely on *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) for the proposition that excluding him from a place of public accommodation unconstitutionally criminalizes his chronically homeless status. In *Martin*, the Ninth Circuit held that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to." *Martin*, 920 F.3d at 603. The plaintiffs were homeless residents of Boise, Idaho, who were cited for violating city ordinances that made it a crime to camp in the city's streets, sidewalks, and parks, and to use public property as a residence or dwelling place. *Id.* As the Ninth Circuit pointed out, the Eighth Amendment's Cruel and Unusual Punishment Clause "limits the type of punishment the government may impose;" "proscribes punishment grossly disproportionate to the severity of the crime;" and "places substantive limits on what the government may criminalize." *Id*. at 615 (citation and quotation marks omitted). *Martin* addressed the third limitation of the clause. *Id*. "Cases construing substantive limits as to what the government may criminalize are rare, however, and for good reason—the Cruel and Unusual Punishment Clause's third limitation is one to be applied sparingly." *Id*. (citation and quotation marks omitted).

The Ninth Circuit concluded that the "Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." *Id*. at 616. The court specifically stated that its holding was a narrow one, and did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets … at any time and at any

place." *Id*. at 617 (citation and quotation marks omitted). The holding in *Martin* would not extend to a charge of trespass to a person on *private property*, even if it is a place of public accommodation under the ADA. Therefore, this claim should be dismissed with prejudice.

Third, Plaintiff asserts an unlawful seizure claim under the Fourth Amendment based on the allegation that he was unlawfully excluded from the property. Plaintiff's claim fails because he does not include any factual allegations to support such a claim. Since the court found Plaintiff could proceed on such a claim in the original complaint, Plaintiff should be given one final chance to amend to attempt to state a claim against the defendant police officer.

Plaintiff names the City of Reno and Reno Police Department, but still does not include factual allegations that give rise to a claim against a municipal defendant. Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-05 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915F.3d 592, 602-03 (9th Cir. 2019). A municipality may not be sued under a respondeat superior theory. *Id.* at 603 (citing *Monell*, 436 U.S. at 693-95). "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)).

In the SAC, Plaintiff alleges that there was a custom of arresting citizens for trespassing in a place of public accommodation when the accused had not previously trespassed within a six month timeframe and that there was a practice of enforcing trespass cases on citizens because the place of public accommodation requested it. He also intimates that he was charged and convicted

for trespassing. Plaintiff, in essence, alleges that there was a custom and practice of enforcing trespass laws, which does not amount to unconstitutional conduct. Therefore, his claim against the City of Reno/Reno Police Department should be dismissed with prejudice.

Fourth, he alleges a claim for violation of his right to free speech under the First Amendment when he was protesting his rights being violated. Plaintiff includes no factual allegations to support a First Amendment free speech claim. Moreover, as he was previously advised, he cannot maintain a free speech claim against a private individual (if this claim is premised on the conduct alleged in the original complaint). *Manhattan Community Access Corp. v. Halleck*, 139 S.Ct. 1921, 1926, 1928 (2019). Therefore, this claim should be dismissed with prejudice.

Fifth, Plaintiff asserts an Equal Protection claim, alleging that the parties arbitrarily enforced un-posted policies discriminatively. The Fourteenth Amendment prohibits the denial of “the equal protection of the laws.” U.S. Const. amend XIV, § 1. It “commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike.” *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). 'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.''' *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Where state action does not implicate a protected class, as is the case here, a plaintiff can establish a "'class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff does not include factual allegations that he was part of a protected class or that he was intentionally treated differently from others. Therefore, this claim should be dismissed; because Plaintiff has already been given leave to amend, this claim should be dismissed with prejudice.

Finally, he mentions intentional infliction of emotional distress and malicious prosecution.

A plaintiff asserting an intentional infliction of emotional distress claim in Nevada must demonstrate: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (Nev. 1981).

"[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26, 114 Nev. 1, 4 (1998) (citation and quotation marks omitted). "[P]ersons must necessarily be expected and required to be hardened … to occasional acts that are definitely inconsiderate and unkind." *Id*. (citation and quotation marks omitted).

Plaintiff has not included factual allegations that give rise to a claim for intentional infliction of emotional distress. Therefore, this claim should be dismissed. The dismissal should be with prejudice since he has already been given an opportunity to amend.

The Supreme Court has declined to decide whether a malicious prosecution claim is cognizable under section 1983. *McDonough v. Smith*, 139 S.Ct. 2149, 2156 n. 3 (2019) ("this case provides no occasion to opine on what the elements of a constitutional malicious prosecution action under § 1983 are or how they may differ from those of a fabricated-evidence

claim"); *Manuel v. City of Joliet, III*, 137 S.Ct. 911, 921-22 (2017); *Wallace v. Kato*, 549 U.S. 384, 390 n. 2 (2007) ("We have never explored the contours of a Fourth Amendment malicious prosecution suit under § 1983, *see Albright v. Oliver*, 510 U.S. 266, 270-71 (1994) (plurality), and we do not do so here.").

The Ninth Circuit has not expressly weighed in on the issue, but implicitly recognized such a claim in *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068-69 (9th Cir. 2004) (citations omitted). There, the court stated that to prevail on this claim, the plaintiff "'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection of another specific constitutional right.'" *Id*. Most federal appellate courts have also recognized a malicious prosecution claim under section 1983. *See, e.g., Pitt v. District of Columbia*, 491 F.3d 494 (D.C. Cir. 2007); *Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir. 1999); *Swartz v. Insogna*, 704 F.3d 105 (2d Cir. 2013); *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007); *Evans v. Chalmers*, 703 F.3d 636, 646 n. 2 (4th Cir. 2012), *cert denied*, 134 S.Ct. 98 (Oct. 7, 2013) and 134 S.Ct. 617 (Nov. 12, 2013); *Sykes v. Andeson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *Novitsky v. Aurora*, 491 F.3d 1244 (10th Cir. 2007); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).

The Supreme Court noted the common law elements of the tort of malicious prosecution: "a defendant instigated a criminal proceeding with improper purpose and without probable cause" and the proceedings have terminated in favor of the accused. *See McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019) (citing Restatement (Second) of Torts § 653).

Plaintiff does not allege that the criminal proceeding terminated in his favor, and in fact, he appears to allege the opposite. Therefore, this claim should be dismissed. The dismissal of the malicious prosecution claim should be without prejudice as it does not accrue unless and until

there is a termination of the criminal proceeding in his favor. *See McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)).

**2. Count 2**

Count 2 names the City of Reno, Reno Police Department, Reno Police Officers Bohr, Connolly, De Santis and Tom, as well as the Silver Legacy, Michael Herrick, and Michael Blanco.

Like Count 1, Plaintiff again includes claims for violation of: Title III of the ADA based on his chronic homelessness and mental health disorders; the Eighth Amendment's Cruel and Unusual Punishment Clause; the First Amendment's right to free speech; the Fourteenth Amendment's Equal Protection Clause; as well as intentional infliction of emotional distress and malicious prosecution. These claims should be dismissed with prejudice (except for the malicious prosecution claim) for the same reasons discussed with respect to Count 1.

Plaintiff also includes a Fourth Amendment unlawful seizure claim in Count 2. Again, Plaintiff includes no factual allegations as to what each defendant did in relation to the unlawful seizure claim in the SAC. Therefore, it should be dismissed; however, Plaintiff should be given leave to amend to attempt to assert a claim against Officer Bohr and the now identified doe defendant officers Connolly, DeSantis, and Tom. The City of Reno/Reno Police Department should be dismissed with prejudice for the reasons stated above.

**3. Count 3**

Count 3 names the City of Reno, Reno Police Department, Eldorado Hotel Casino, Reno Police Sergeant Guider, Michael Blanco and Joseph Hanek.

Like Counts 1 and 2, Count 3 asserts claims for violation of: Title III of the ADA based on his chronic homelessness and mental disorders; the Eighth Amendment's Cruel and Unusual

Punishment Clause; the First Amendment right to free speech; the Fourteenth Amendment's Equal Protection Clause; as well as intentional infliction of emotional distress and malicious prosecution claims. These claims should be dismissed with prejudice (except for the malicious prosecution claim) for the reasons stated above.

He also asserts an unlawful seizure claim. Like the other counts, he includes no factual allegations in the SAC to support an unlawful seizure claim; however, since he was previously allowed to proceed with an unlawful seizure claim, the claim should be dismissed with leave to amend.

**4. Count 4**

In Count 4, Plaintiff names the City of Reno, Reno Municipal Court, City of Reno Municipal Court Judge Dorothy Nash Holmes, City of Reno Attorney Angie Gianoli, Donald Stewart, Michael Blanco, Michael Herrick, and Joseph Hanek.

Like the other counts, he asserts claims for violation of: Title III of the ADA based on his mental disorder; the Eighth Amendment's Cruel and Unusual Punishment Clause; the First Amendment right of free speech; the Fourteenth Amendment Equal Protection Clause; as well as claims for intentional infliction of emotional distress and, malicious prosecution.

Judge Dorothy Nash Holmes and City of Reno Attorney Angie Gianoli were already dismissed from this case with prejudice. Moreover, Plaintiff includes *no* factual allegations in Count 4 to support any claims against the remaining defendants. In addition, the claims should be dismissed for the reasons stated with respect to Counts 1, 2, and 3.

In Count 4, Plaintiff also includes a claim for violation of the Ninth Amendment "unenumerated right[ ] to the Plaintiff's right to think for oneself." The Ninth amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to

deny or disparage others retained by the people." U.S. Const., amend IX. The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right[.]" *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted) *see also Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002), *aff'd sub. nom. Groh v. Ramirez*, 540 U.S. 551 (2004) (Ninth Amendment claim properly dismissed because plaintiffs may not "double up" constitutional claims). Therefore, this claim should be dismissed with prejudice.

**5. Conclusion**

Plaintiff's motion to amend (ECF No. 19) to file the proposed SAC (ECF No. 20) should be denied as amendment would be futile. Plaintiff should, however, be given one final opportunity to amend *only* to attempt to assert the Fourth Amendment unlawful seizure claims against the Reno Police Department Officers related to the incidents at the Cal-Neva, Silver Legacy and Eldorado casinos. He should not be permitted to proceed against the municipal defendants, and any third amended complaint must contain *factual* allegations to support a constitutional claim against each particular defendant.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Plaintiff's request to amend (ECF No. 19) to file the SAC (ECF No. 20) should be **DENIED** as amendment would be futile for the reasons stated above.

(2) Plaintiff should be given one final opportunity to amend *only* to attempt to assert the Fourth Amendment unlawful seizure claims against the Reno Police Department Officers related to the incidents at the Cal-Neva, Silver Legacy and Eldorado casinos. The remaining claims and defendants should be **DISMISSED WITH PREJUDICE,** except

for the malicious prosecution claims, which should be **DISMISSED WITHOUT PREJUDICE** as they do not accrue until the underlying criminal proceeding has terminated in Plaintiff's favor. Plaintiff should be given 30 days from the date of any order adopting and accepting this Report and Recommendation to file a third amended complaint consistent with this Report and Recommendation. The third amended complaint must be titled as such, and must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties or requests for relief from a prior complaint that are not carried forward in the third amended complaint will no longer be before the court. *Plaintiff may not assert claims or name parties outside of those mentioned in this Report and Recommendation. He should not include dismissed parties or claims in the third amended complaint.* If Plaintiff fails to file a third amended complaint within the 30 days, he should be advised that the action will be dismissed.

(3) Service will be addressed once the third amended complaint is filed and screened.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.


Dated: April 14, 2020

William G. Cobb
United States Magistrate Judge