UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON MATTHEW ROSE,<br><br>Plaintiff<br><br>v.<br><br>CITY OF RENO, et. al.,<br><br>Defendants | Case No.: 3:19-cv-00166-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 29 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Third Amended Complaint (ECF No. 29), which the court screens under 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

After a thorough review, it is recommended that this action be dismissed with prejudice for failure to comply with the court's order granting Plaintiff leave to amend.

## I. LEGAL STANDARD

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II. DISCUSSION

**A. The Original Complaint**

Plaintiff, who is proceeding pro se, initiated this action with an application to proceed in forma pauperis (IFP) and pro se complaint on March 26, 2019. (ECF Nos. 1, 1-1.) The undersigned issued a report and recommendation that Plaintiff's IFP application be granted; that the complaint be filed; that the unlawful seizure claims in Count 1 against Borba and Count 2 against Bohr and the doe officers (when identified) be allowed to proceed; that some of Plaintiff's other claims be dismissed with prejudice, and some be dismissed with leave to amend. (ECF No. 6.)

The original complaint centered around three incidents—at the Cal Neva, Silver Legacy, and Eldorado casinos—where Plaintiff alleges he was improperly removed from the properties and subsequently was prosecuted for trespassing. He alleged violations of the Americans with Disabilities Act (ADA), his right to free speech under the First Amendment, unlawful seizure under the Fourth Amendment, as well as due process claims, against the casinos and some of their employees, the City of Reno, the Reno Police Department and some of its officers.

The ADA claims were dismissed because Plaintiff did not present factual allegations that he suffered from a particular disability, or that he was excluded from the casinos because of his disability. He was given leave to amend as to the ADA claims, but was advised the claim could only proceed against the places of public accommodation (the casinos) and not their employees.

The free speech claim was dismissed with prejudice because neither the Cal Neva nor its employee Howard were state actors and the First Amendment prohibits governmental abridgement and not private abridgement of speech.

The court construed the Fourth Amendment claims liberally and allowed Plaintiff to proceed with those claims against Officer Borba (Cal Neva incident) and Officer Bohr and the Doe Officers (once identified) (Silver Legacy incident) as he appeared to allege there was no probable cause to arrest him for trespass. The City of Reno/Reno Police Department were dismissed without prejudice because he did not assert factual allegations to proceed against a municipal defendant. The unlawful seizure/excessive force claims stemming from the Eldorado incident were dismissed with leave to amend as there were no allegations the persons involved were state actors. The due process claim that Officer Borba refused to take witness statements was dismissed with leave to amend. Finally, the claims against Judge Dorothy Nash Holmes and prosecutor Angela Gianoli were dismissed with prejudice as they are immune from suit.

**B. First Amended Complaint & Order Adopting the Report and Recommendation on the Original Complaint**

On August 16, 2019, before District Judge Jones ruled on the report and recommendation, Plaintiff filed an amended complaint. (ECF No. 9.) On October 8, 2019, District Judge Jones entered an order adopting the report and recommendation as to the original complaint. (ECF No. 14.)

**C. Second Amended Complaint**

On December 19, 2019, Plaintiff filed a request to amend (ECF No. 19) and proposed "Final Amended Complaint" (ECF No. 20). The undersigned construed this as a motion for leave to amend and proposed second amended complaint (SAC), and issued a report and

recommendation screening the proposed SAC. (ECF No. 23.) The report and recommendation was adopted by District Judge Jones. (ECF No. 24.)

The court found that Plaintiff failed to state a claim under Title III of the ADA, and that claim was dismissed with prejudice. Plaintiff's Eighth Amendment claim asserting that Defendants criminalized his homelessness was dismissed with prejudice.

Plaintiff included an unlawful seizure claim under the Fourth Amendment based on the allegation he was improperly excluded from the casinos, but he did not include any factual allegations to support the claim; however, because Plaintiff had previously been allowed to proceed with Fourth Amendment claims in the original complaint, the court gave Plaintiff leave to amend, i.e., "one final chance to amend to attempt to state a claim against the defendant police officer."

Plaintiff still did not include sufficient allegations to hold the City of Reno/Reno Police Department liable; therefore, the City of Reno/Reno Police Department was dismissed with prejudice.

Plaintiff's First Amendment free speech and Fourteenth Amendment equal protection claims were dismissed with prejudice. Plaintiff's intentional infliction of emotional distress claim was dismissed with prejudice, and his malicious prosecution claim was dismissed without prejudice so that he could re-file if and when his criminal proceeding is terminated in his favor.

He again included claims against Judge Dorothy Nash Holmes and prosecutor Angie Gianoli even though they had already been dismissed with prejudice.

Finally, his Ninth Amendment claim was dismissed with prejudice.

In sum, Plaintiff was given one final opportunity "to amend *only* to attempt to assert the Fourth Amendment unlawful seizure claims against the Reno Police Department officers related

to the incidents at the Cal-Neva, Silver Legacy, and Eldorado casinos." (ECF No. 23 at 15.) He was cautioned that any third amended complaint had to contain *factual allegations* to support a constitutional claim against each particular defendant. (*Id*., 16.) He was also cautioned not to assert claims or name parties outside of the parameters of the order, and was reminded not to include dismissed parties or claims. (*Id*. at 16.)

**D. Third Amended Complaint**

On October 5, 2020, Plaintiff filed a document titled "School is in Session: Final Complaint," which the court construes as his third amended complaint (TAC). (ECF No. 29.) The document is 151 pages. Under Federal Rule of Civil Procedure 8, a complaint must contain "a *short and plain* statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's TAC does not comply with Rule 8.

Importantly, the TAC is in direct contravention of the court's prior order in that it contains claims and parties that have already been dismissed with prejudice, as well as new claims that were not within the parameters of the court's order granting leave to amend. Moreover, to the extent Plaintiff includes a claim for unlawful seizure in the TAC, he once again does not include sufficient factual allegations to support such a claim. In addition, Plaintiff appears to be asserting his argument against his criminal charges in the TAC, but this is not the appropriate forum to present those arguments. Instead, they should be asserted in the court where such charges are pending, or if the charges resulted in a conviction, in a direct appeal of the conviction.

For these reasons, Plaintiff's TAC should be dismissed with prejudice, and this action should be closed.

6

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** the TAC (ECF No. 29) **WITH PREJUDICE**, and closing this action. It is further recommended that Plaintiff's pending Motion to Delay Decision (ECF No. 30) should be denied as moot.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 19, 2021

_____
William G. Cobb
United States Magistrate Judge